***NOT FOR PUBLICATION***

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAD M. ALI, | |
| Petitioner, | Civil Action No. 12-2982 (KSH) |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**HAYDEN, District Judge:**

Petitioner Jamad M. Ali ("Ali"), confined at FCI Allenwood in White Deer, Pennsylvania, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion"), challenging an 81-month sentence imposed by this Court in *United States v. Ali*, No. 05-0906 ("Crim. Dkt."), ECF No. 74 (D.N.J. entered June 15, 2007), for interstate transport of firearms by a felon. For the reasons stated below, the Court denies the Motion as time-barred.

## I.   FACTUAL BACKGROUND

The Court recites only those facts relevant to this Opinion. After Ali pleaded guilty to one count of interstate transport of firearms by a felon, this Court sentenced him to 81 months' imprisonment on June 15, 2007. Crim. Dkt., ECF No. 74. There is no record of Ali filing a direct appeal; indeed, Ali admits that he did not, although he blames his failure to file an appeal on his attorney. ECF No. 1 at 4. Thereafter, there was no activity in the record until January 13, 2012, when Ali filed a letter requesting the docket sheet. Crim. Dkt., ECF No. 75. The instant Motion, which is dated May 8, 2012, was filed on May 18, 2012. ECF No. 1 at 13. The Court does not

recite details of Ali's conviction, nor the substance of the instant Motion, as the Court finds the Motion untimely, *infra*.

## II.   DISCUSSION

### A. Statute of Limitations

Respondent contends that the Motion is time-barred, and the Court agrees. Title 28, Section 2255 of the United States Code requires that "[a] 1–year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). In most cases and in this particular case, the one-year period begins on "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1).

> [A] judgment of conviction becomes final within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.

*Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003). Here, because Ali's judgment was issued by this Court on June 15, 2007, and he did not appeal that judgment, the instant Motion, dated May 8, 2012, almost five years later, is unquestionably untimely under § 2255.

However, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84-85 (3d Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to equitable tolling. *Id.* at 85. "The Supreme Court has instructed that equity permits extending the statutory time limit when a defendant shows that '(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing.'" *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (quoting *Holland*, 560 U.S. at 649). "The diligence required for equitable tolling purposes is reasonable diligence." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800. "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *3 (D.N.J. May 1, 2009) (internal citations omitted).

Here, Ali argues in the Motion that he is entitled to equitable tolling because he had instructed his counsel to file a direct appeal after the judgment had been entered, and his counsel failed to file an appeal. ECF No. 1 at 7. Moreover, he alleges that after his conviction, he was placed in pretrial detention due to other federal indictments for 40-58 months, and that some of those detentions resulted in 23-hour lockdowns and "few access opportunities to telephone communication." *Id.* He further alleges that he was also misled "into believing that [counsel] would continue to pursue post-conviction proceedings on Ali's behalf." *Id.* Finally, Ali alleges that his counsel's subsequent federal indictment and criminal prosecution deprived him of competent counsel. *Id.* In response, respondent argues that none of Ali's proffered reasons explain why he waited *five years* to file the instant Motion.

The Court finds no relevance in Ali's assertion that his counsel failed to appeal the judgment. Once Ali realized his counsel may have caused him to lose his opportunity to file a

direct appeal, he could have simply filed a § 2255 motion within the one-year limitations period, either *pro se* or with the assistance of a different attorney, after his judgment became final. The Court also finds no relevance that Ali had little or no access to a telephone for allegedly extended periods of time, presumably implying that he had no access to his attorney, or that his attorney was no longer available after counsel's indictment—Ali did not need his attorney to file a *pro se* § 2255 motion, nor did he have a right to an attorney on federal habeas review, *see McCleskey v. Zant*, 499 U.S. 467, 495 (1991), so the lack of access to his attorney would not have prevented him from filing a § 2255 motion. *See Brown v. Shannon*, 322 F.3d 768, 773-74 (3d Cir. 2003) (finding that equitable tolling was not warranted where the petitioner could have made a *pro se* filing prior to the expiration of his statute of limitations). Indeed, Ali's counsel, Paul Bergrin, had his license to practice in New Jersey suspended as of July 20, 2009, *see In re Bergrin*, 199 N.J. 309 (2009), yet Ali still waited for almost another three years before filing the instant Motion.[1]

As for Ali's contention that he was misled, there are no allegations in the Motion as to how he was misled, or whether he exercised due diligence by checking with his attorney to ensure that a habeas motion was indeed filed—he simply makes a conclusory statement that he was misled. Even assuming he was indeed misled by counsel into believing that a federal habeas motion had been filed, five years is a long time, and Ali makes no allegation that he inquired about the status of his habeas motion with counsel at any time during those five years—especially after counsel had his license to practice suspended. Had he done so, he could have discovered that no habeas motion was filed at all. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances

---

[1] Although Ali states in the Motion that his counsel's name was Paul Bergen, ECF No. 7 at 7, the criminal docket clearly shows that his counsel's name was actually Paul Bergrin. *See* Crim. Dkt., ECF No. 50.

caused [his belatedness]." *Ross*, 712 F.3d at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).[2] Accordingly, the Court finds that Ali has not sufficiently shown the required diligence to warrant equitable tolling and, as such, denies the Motion as time-barred.

### B. Certificate of Appealability

Last, the Court denies a certificate of appealability ("COA"). AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

---

[2]   Moreover, Ali's contentions strain credibility. Ali blames his counsel for failing to file a direct appeal. ECF No. 1 at 7. But at the same time, he blames the same attorney for misleading him into believing that post-conviction relief was being pursued. *Id.* If Ali was already dissatisfied with his counsel for failing to file a direct appeal, it is difficult to believe that he would accept, at face value, his counsel's representation that post-conviction relief was being pursued—and followed that up with an extraordinary showing of trust by not checking whether post-conviction relief had indeed been pursued for the next five years, before finally filing a *pro se* motion. Regardless, Ali should have conclusively known that his counsel can no longer represent him after counsel's license was suspended in 2009, yet Ali still did not file the instant Motion until May 2012.

jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

### III.    CONCLUSION

For the reasons set forth above, the Motion is DENIED as time-barred.[3]

    _s/Katharine S. Hayden_
**Katharine S. Hayden, U.S.D.J.**

Dated:  March 24, 2016

---

[3] Because the Court is denying the Motion on timeliness grounds, Ali's motion to amend, ECF No. 4, is denied as moot; Ali's proposed amendments do not address the timeliness of his Motion, and therefore are not relevant to the Court's decision.